IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRANDON JAMES ANGEL-CROWELL #02157883 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv048 |
| TDCJ MARK W. MICHAEL'S UNIT, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff Brandon James Angel-Crowell, an inmate of the Texas Department of Criminal Justice (TDCJ), *pro se*, filed this complaint under 28 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in the TDCJ's Michael Unit. The lawsuit was transferred to this Court for proper venue and referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff sues several TDCJ employees, alleging they took no action on his reports that he was being sexually assaulted by at least one fellow inmate, allowing the rapes and torture to continue for months. (Dkt. #8 at 4, 9.) On April 10, 2023, the Court gave certain Defendants until May 8, 2023, to respond to the Plaintiff's complaint. (Dkt. #30.) The answer is thus not yet due, and no discovery or other litigation of this case has occurred at this early stage.

On March 6, 2023, Plaintiff filed two documents titled motions for summary judgment. (Dkt. ##23, 24.) For reasons explained below, the undersigned recommends that the motion be denied as frivolous.

**I. Discussion and Analysis**

Each of Plaintiff's motions comprises a single page of handwritten text. Neither is sworn, and neither is accompanied by any evidence. The first motion simply alleges that he previously mailed a notarized affidavit to a PREA ombudsman and made a report to a PREA official in jail and received no response. (Dkt. #23.) He does not describe the substance of either report or provide any other relevant information. In the second motion, he references video evidence he says exists in a separate case pending in another court, which he says "would add further support to [his] claims" in this case. (Dkt. #24.) He appears to suggest that evidence that staff in the Ferguson unit "took no action to protect" him in the other case would support his current claims arising from the Michael Unit. (*Id.*)

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Motions for summary judgment "must" be supported by citations "to particular parts of materials in the record" establishing that a fact cannot be genuinely disputed. Fed. R. Civ. P. 56(c)(1). A motion for summary judgment should be denied when the movant has not demonstrated the absence of disputed facts. *See Honore v. Douglas*, 833 F.2d 565, 570 (5th Cir. 1987) ("Thus, if any facts are in dispute, summary judgment is inappropriate.").

Here, Plaintiff's motions for summary judgment do not even address the facts of this case in any detail. And they do not add or cite to any evidence in the record to support his claims, much less establish that there is no genuine dispute about them. The motions fail to satisfy the standard for summary judgment and lack any basis in law or fact. They should therefore be denied as frivolous. *See Moore v. Cooper*, 137 F.3d 1350 (5th Cir. 1998) (describing filing as "without basis

in law or fact and, thus, frivolous").

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's motions for summary judgment (Dkt. ##23, 24) be **DENIED** as frivolous, without prejudice to Plaintiff's ability to file a properly supported motion for summary judgment after Defendants have filed a responsive pleading and initial discovery disclosures have been exchanged.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 24th day of April, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE